**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| DAN JOHNSON, individually and on behalf of similarly situated individuals, )<br>)<br>*Plaintiff,* )<br>v. )<br>)<br>PACIFIC LIFE INSURANCE )<br>COMPANY and PACIFIC LIFE & )<br>ANNUITY COMPANY, )<br>)<br>*Defendants.* ) | Case No. |

**NOTICE OF REMOVAL**

Please take notice that, pursuant to: (i) 28 U.S.C. §§ 1441 and 1446; and (ii) the Class Action Fairness Act of 2005 ("CAFA"), codified in pertinent part at 28 U.S.C. §§ 1332(d) and 1453, Defendants, Pacific Life Insurance Company ("Pacific Life") and Pacific Life & Annuity Company ("Pacific Life & Annuity) (collectively, "Defendants"), remove this case from the Circuit Court of Cook County, Illinois, Chancery Division, to the United States District Court for the Northern District of Illinois.

**I.   BACKGROUND**

1.   Plaintiff, Dan Johnson ("Johnson" or "Plaintiff"), filed this putative class action against Defendants on or about November 3, 2023 in the Circuit Court of Cook County, Illinois, Chancery Division, Case No. 2023CH09247 ("State Court Action").

2.   Defendant Pacific Life Insurance Company was served with a Summons and the Complaint filed in the State Court Action on January 8, 2024. *See* Exhibit A. Thus, this Notice of Removal is timely filed in accordance with 28 U.S.C. § 1446.

3.	Defendant Pacific Life & Annuity was served with a Summons and the Complaint filed in the State Court Action on January 9, 2024. *See* Exhibit B. Thus, this Notice of Removal is timely filed in accordance with 28 U.S.C. § 1446.

4.	Plaintiff filed the State Court Action on behalf of himself and a putative class of allegedly similarly situated individuals who applied for life insurance coverage from Defendants during the applicable limitations period.

5.	Plaintiff alleges that in January, 2019, he applied for life insurance coverage offered by Defendants and that in connection with his application, Defendants required him to undergo a physical examination. *See* Exh. A at ¶28.

6.	Plaintiff further alleges that during the examination, Defendants required Plaintiff to answer questions concerning his family medical history, and that in response, Plaintiff disclosed his genetic information, including diseases and disorders with which his family members have been diagnosed. *Id*. at ¶¶30-31.

7.	Plaintiff claims that Defendants used his genetic information to determine Plaintiff's eligibility for life insurance coverage and to compute the associated premium for his policy in violation of the Illinois Genetic Information Privacy Act, 410 ILCS 513/1 ("GIPA"). *Id*. at ¶32.

8.	Plaintiff further claims that Defendants used the genetic information of members of the putative class to determine their eligibility for life insurance coverage, also in violation of GIPA. *Id.* at ¶37.

9.	Specifically, Plaintiff alleges that Defendants' collection and use for underwriting purposes of protected heath information belonging to him and members of the putative class violates GIPA. *Id.* at ¶47.

10. Based on these and other allegations, Plaintiff seeks to recover statutory damages of $15,000 for each reckless or intentional violation of GIPA; statutory damages of $2,500 for each negligent violation of GIPA; reasonable attorneys' fees, costs and expenses; and pre and post judgment interest.

## II. GROUNDS FOR REMOVAL

11. Defendants hereby assert this removal in no way constitutes: a waiver of any jurisdictional defenses to Plaintiff's claims; a waiver of any defense or contest to the validity and effectiveness of service of process upon Defendants; a waiver of any defense or challenge to Plaintiff's ability to meet his burden to satisfy the requirements for class certification; or a waiver of any defense or challenge to the allegations of Plaintiff's Complaint.

12. This case is removable, and this Court has jurisdiction over this action, under CAFA, 28 U.S.C. § 1332, 28 U.S.C. § l441(a) and (b), and 28 U.S.C. § 1453, because (1) this is a putative class action with more than 100 putative class members, (2) there is minimal diversity among the parties; and (3) the Complaint places into controversy an amount that exceeds $5,000,000 in the aggregate.

13. CAFA reflects Congress's intent to have federal courts adjudicate substantial class action suits brought against out-of-state defendants. To that end, CAFA provides that class actions filed in state court are removable to federal court if they meet certain basic prerequisites. Specifically, CAFA expanded federal jurisdiction over class actions by amending 28 U.S.C. § 1332 to grant original jurisdiction where the putative class contains at least 100 class members; any member of the putative class is a citizen of a State different from that of any defendant; and the amount in controversy exceeds $5,000,000 in the aggregate for the entire class, exclusive of interest and costs. 28 U.S.C. § 1332(d).

14. The State Court Action satisfies all of the requirements under CAFA for federal jurisdiction because (1) the putative class exceeds 100 members; (2) Plaintiff has a different citizenship from Defendants; and (3) the amount in controversy exceeds $5,000,000. *See* 28 U.S.C. § 1332(d).

### A. *The Putative Classes Exceed 100 Members*

15. CAFA requires that the putative class consist of at least 100 persons. 28 U.S.C. § 1332(d)(5). That requirement is met here. While Plaintiff does not quantify the number of putative class members in the Complaint, a review of Defendants' records indicates that over 2,000 individuals applied for life insurance coverage in Illinois during the two years preceding the filing of the State Court Action. *See* Affidavit of Deidre Beckley, attached as Exhibit C.

### B. *There Is Minimal Diversity Among the Parties*

16. The second CAFA requirement is minimal diversity, i.e., at least one putative class member must be a citizen of a different state than any one defendant. 28 U.S.C. § 1332(d)(2).

17. Plaintiff alleges that at all relevant times, he is and has been a resident and citizen of the State of Illinois. *See* Exh. A at ¶13.

18. Defendant Pacific Life is a Nebraska corporation with its principal place of business located in Newport Beach, California, and therefore is a citizen of Nebraska. *See* Exh. C at ¶4.

19. Defendant Pacific Life & Annuity is an Arizona corporation with its principal place of business located in Newport Beach, California, and therefore is a citizen of Arizona. *Id*. at ¶5.

20. Thus, there is minimal diversity, as the Plaintiff is a citizen of Illinois, and Defendants are citizens of Nebraska and Arizona.

### C. The CAFA Amount in Controversy Is at Least $5,000,000

21. CAFA requires that the amount in controversy exceed $5,000,000 for the entire putative class in the aggregate, exclusive of interest and costs. 28 U.S.C. § 1332(d)(2).

22. As the United States Supreme Court has held, a defendant's notice of removal under CAFA "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014). "Evidence establishing the amount is required by §1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation." *Id.*

23. Based on Plaintiff's allegations and legal theories, the $5,000,000 CAFA amount in controversy requirement is satisfied.[1]

24. At a minimum, Plaintiff seeks to recover from Defendants the statutory remedy of $2,500 for each purported negligent violation of GIPA.

25. For the five years preceding the filing of the State Court Action, there were over 2,100 individual instances of applications for life insurance coverage from Defendants coded for Illinois where family medical history was solicited and/or provided.[2] *See* Exh. C at ¶8.

26. Plaintiff alleges that Defendants used his genetic information in violation of GIPA and further alleges that his claims are "typical of the claims of the members of the Class Plaintiff

---

[1] Defendants deny that Plaintiff, or any potential putative class member, is entitled to recover any amount from them. Moreover, Defendants believe that the relief sought in the State Court Action is too individualized and therefore not suitable for class certification. However, Defendants provides the calculation of the amount at issue in this case solely for the purpose of evaluating the amount in controversy under CAFA. *Dudley v. Eli Lilly & Co.*, 778 F.3d 909, 913 (11th Cir. 2014) (quoting *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 751 (11th Cir. 2010)) ("The amount in controversy is not proof of the amount the plaintiff will recover. Rather, it is an estimate of the amount that will be put at issue in the course of the litigation.").

[2] Plaintiff's complaint does not include any time bound for its claims or proposed class. For purposes of removal only, Defendants apply a five-year statute of limitations pursuant to *Tims v. Black Horse Carriers, Inc.*, wherein the Illinois Supreme Court applied such a statute of limitations to analogous claims under the Biometric Information Privacy Act. 216 N.E.3d 845 (Ill. 2023). Defendants reserve all rights to dispute the applicability of a five-year statute of limitations.

seeks to represent, because the factual and legal bases of Defendants' liability to Plaintiff and others members of the Class are the same…." *See* Exh. A at ¶37.

27. Accordingly, the amount in controversy in this case is at least $5,000,000 ($2,500 for each negligent violation times at least 2,100 instances of potential violations), inclusive of Plaintiff's request for attorneys' fees, costs, expenses and pre and post judgment interest.

### III. Conclusion

28. Based on the foregoing reasons, it is evident that all of CAFA's prerequisites are met and this case is properly removable under CAFA.

29. Upon the filing of this Notice of Removal, counsel for Defendants will file a copy of the Notice of Removal with the Circuit Court of Cook County, Illinois, and will serve a copy of same upon Plaintiff's counsel as required by 28 U.S.C. § 1446(d).

WHEREFORE, Defendants Pacific Life Insurance Company and Pacific Life & Annuity Company respectfully request that the State Court Action be removed to the United States District Court for the Northern District of Illinois and that all proceedings in the State Court Action be terminated.

Respectfully submitted,

By: /s/ *Wendy N. Enerson*
Wendy N. Enerson (ARDC# 6272377)
COZEN O'CONNOR
123 N. Wacker Drive, Suite 1800
Chicago, Illinois 60606
Phone: (312) 382-3100
wenerson@cozen.com

Michael J. Miller (*pro hac forthcoming*)
Ilya Schwartzburg (pro hac forthcoming)
COZEN O'CONNOR
One Liberty Place
1650 Market Street
Philadelphia, PA 19103

6

mjmiller@cozen.com
ISchwartzburg@cozen.com

*Attorneys for Defendants*
*Pacific Life Insurance Company and*
*Pacific Life & Annuity Company*

**CERTIFICATE OF SERVICE**

I, Wendy N. Enerson, an attorney, certify that on February 6, 2024, I electronically filed the foregoing document **NOTICE OF REMOVAL** with the Clerk of the Court by using the CM/ECF system, and sending via email to the following:

Timothy P. Kingsbury
Andrew T. Heldt
Colin P. Buscarini
McGuire Law, P.C.
55 W. Wacker Dr., 9th Floor
Chicago, IL 60601
Phone: (312) 893-7002
tkingsbury@mcgpc.com
aheldut@mcgpc.com
cbuscarini@mcgpc.com

*Attorneys for Plaintiffs*

*s/ Wendy N. Enerson*
Wendy N. Enerson