# Exhibit A



# Notice of Service of Process

**null / ALL**
**Transmittal Number: 28291667**
**Date Processed: 01/08/2024**

| | |
|---|---|
| **Primary Contact:** | Beth Mazur<br>Pacific Life Insurance Company<br>700 Newport Center Dr<br>Newport Beach, CA 92660-6307 |
| **Electronic copy provided to:** | Sharese Colquitt |

| | |
|---|---|
| **Entity:** | Pacific Life Insurance Company<br>Entity ID Number 4078357 |
| **Entity Served:** | Pacific Life Insurance Company |
| **Title of Action:** | Dan Johnson vs. Pacific Life Insurance Company |
| **Matter Name/ID:** | Dan Johnson vs. Pacific Life Insurance Company (15077381) |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Contract |
| **Court/Agency:** | Cook County Circuit Court, IL |
| **Case/Reference No:** | 23-CH-09247 |
| **Jurisdiction Served:** | Nebraska |
| **Date Served on CSC:** | 01/08/2024 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| Sender Information: | Mcguire Law, P.C.<br>312-893-7002 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

Hearing Date: No hearing scheduled
Location: <<CourtRoomNumber>>
Judge: Calendar, 11

FILED
12/13/2023 1:57 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2023CH09247
Calendar, 11
25584811

FILED DATE: 12/13/2023 1:57 PM   2023CH09247

| | | |
|---|---|---|
| 2120 - Served | 2121 - Served | 2620 - Sec. of State |
| 2220 - Not Served | 2221 - Not Served | 2621 - Alias Sec of State |
| 2320 - Served By Mail | 2321 - Served By Mail | |
| 2420 - Served By Publication | 2421 - Served By Publication | |
| Summons - Alias Summons | | (12/01/20) CCG 0001 A |

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Name all Parties

DAN JOHNSON, on behalf of a class,

Plaintiff(s)

v.

PACIFIC LIFE INSURANCE COMPANY, et al.

Defendant(s)

Case No. 2023-CH-09247

PACIFIC LIFE INSURANCE COMPANY
c/o CSC-LAWYERS INCORPORATING SERVICE
COMPANY, 233 SOUTH 13TH STREET, SUITE 1900
LINCOLN, NE 68508

Address of Defendant(s)

Please serve as follows (check one):  ○ Certified Mail   ○ Sheriff Service   ● Alias

### SUMMONS

To each Defendant:

You have been named a defendant in the complaint in this case, a copy of which is hereto attached. You are summoned and required to file your appearance, in the office of the clerk of this court, within 30 days after service of this summons, not counting the day of service. If you fail to do so, a judgment by default may be entered against you for the relief asked in the complaint.

### THERE WILL BE A FEE TO FILE YOUR APPEARANCE.

To file your written appearance/answer **YOU DO NOT NEED TO COME TO THE COURTHOUSE.** You will need: a computer with internet access; an email address; a completed Appearance form that can be found at http://www.illinoiscourts.gov/Forms/approved/procedures/appearance.asp; and a credit card to pay any required fees.

**Iris Y. Martinez, Clerk of the Circuit Court of Cook County, Illinois**
cookcountyclerkofcourt.org
Page 1 of 3

**Summons - Alias Summons**          **(12/01/20) CCG 0001 B**

E-filing is now mandatory with limited exemptions. To e-file, you must first create an account with an e-filing service provider. Visit http://efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider.

If you need additional help or have trouble e-filing, visit http://www.illinoiscourts.gov/faq/gethelp.asp or talk with your local circuit clerk's office. If you cannot e-file, you may be able to get an exemption that allows you to file in-person or by mail. Ask your circuit clerk for more information or visit www.illinoislegalaid.org.

If you are unable to pay your court fees, you can apply for a fee waiver. For information about defending yourself in a court case (including filing an appearance or fee waiver), or to apply for free legal help, go to www.illinoislegalaid.org. You can also ask your local circuit clerk's office for a fee waiver application.

Please call or email the appropriate clerk's office location (on Page 3 of this summons) to get your court hearing date AND for information whether your hearing will be held by video conference or by telephone. The Clerk's office is open Mon - Fri, 8:30 am - 4:30 pm, except for court holidays.

**NOTE: Your appearance date is NOT a court date. It is the date that you have to file your completed appearance by. You may file your appearance form by efiling unless you are exempted.**

A court date will be set in the future and you will be notified by email (either to the email address that you used to register for efiling, or that you provided to the clerk's office).

**CONTACT THE CLERK'S OFFICE for information regarding COURT DATES by visiting our website: cookcountyclerkofcourt.org; download our mobile app from the AppStore or Google play, or contact the appropriate clerk's office location listed on Page 3.**

To the officer: (Sheriff Service)

This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so endorsed. This summons may not be served later than thirty (30) days after its date.

- Atty. No.: 56618
  Pro Se 99500

Name: McGuire Law, P.C.

Atty. for (if applicable):

Plaintiff

Address: 55 West Wacker Drive, 9th Floor

City: Chicago

State: IL   Zip: 60601

Telephone: (312)-893-7002

Primary Email: aheldut@mcgpc.com

Witness date _____

12/13/2023 1:57 PM IRIS Y. MARTINEZ

IRIS Y. MARTINEZ, Clerk of Court

Service by Certified Mail: _____

Date of Service: _____
(To be inserted by officer on copy left with employer or other person)

**Iris Y. Martinez, Clerk of the Circuit Court of Cook County, Illinois**
cookcountyclerkofcourt.org
Page 2 of 3

FILED DATE: 12/13/2023 1:57 PM   2023CH09247

FILED DATE: 12/13/2023 1:57 PM   2023CH09247

## GET YOUR COURT DATE BY CALLING IN OR BY EMAIL

**CALL OR SEND AN EMAIL MESSAGE** to the telephone number or court date email address below for the appropriate division, district or department to request your next court date. Email your case number, or, if you do not have your case number, email the Plaintiff or Defendant's name for civil case types, or the Defendant's name and birthdate for a criminal case.

### CHANCERY DIVISION
**Court date EMAIL:** ChanCourtDate@cookcountycourt.com
Gen. Info:   (312) 603-5133

### CIVIL DIVISION
**Court date EMAIL:** CivCourtDate@cookcountycourt.com
Gen. Info:   (312) 603-5116

### COUNTY DIVISION
**Court date EMAIL:** CntyCourtDate@cookcountycourt.com
Gen. Info:   (312) 603-5710

### DOMESTIC RELATIONS/CHILD SUPPORT DIVISION
**Court date EMAIL:** DRCourtDate@cookcountycourt.com
OR
ChildSupCourtDate@cookcountycourt.com
Gen. Info:   (312) 603-6300

### DOMESTIC VIOLENCE
**Court date EMAIL:** DVCourtDate@cookcountycourt.com
Gen. Info:   (312) 325-9500

### LAW DIVISION
**Court date EMAIL:** LawCourtDate@cookcountycourt.com
Gen. Info:   (312) 603-5426

### PROBATE DIVISION
**Court date EMAIL:** ProbCourtDate@cookcountycourt.com
Gen. Info:   (312) 603-6441

### ALL SUBURBAN CASE TYPES

### DISTRICT 2 - SKOKIE
**Court date EMAIL:** D2CourtDate@cookcountycourt.com
Gen. Info:   (847) 470-7250

### DISTRICT 3 - ROLLING MEADOWS
**Court date EMAIL:** D3CourtDate@cookcountycourt.com
Gen. Info:   (847) 818-3000

### DISTRICT 4 - MAYWOOD
**Court date EMAIL:** D4CourtDate@cookcountycourt.com
Gen. Info:   (708) 865-6040

### DISTRICT 5 - BRIDGEVIEW
**Court date EMAIL:** D5CourtDate@cookcountycourt.com
Gen. Info:   (708) 974-6500

### DISTRICT 6 - MARKHAM
**Court date EMAIL:** D6CourtDate@cookcountycourt.com
Gen. Info:   (708) 232-4551

Hearing Date: 3/5/2024 9:30 AM
Location: Court Room 2305
Judge: Mclean Meyerson, Pamela

**12-Person Jury**

FILED
11/3/2023 11:22 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2023CH09247
Calendar, 11
25077965

FILED DATE: 11/3/2023 11:22 PM   2023CH09247

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CHANCERY DIVISION

DAN JOHNSON, individually and on
behalf of similarly situated individuals,

    *Plaintiff,*

              v.

PACIFIC LIFE INSURANCE
COMPANY and PACIFIC LIFE &
ANNUITY COMPANY,

    *Defendants.*

)
)
)
)
)
)
)
)
)
)
)
)
)
)

No. 2023CH09247

Hon.

## CLASS ACTION COMPLAINT WITH JURY DEMAND

Plaintiff Dan Johnson ("Plaintiff"), individually and on behalf of other similarly situated individuals, brings this Class Action Complaint against Defendants Pacific Life Insurance Company and Pacific Life & Annuity Company (collectively "Pacific Life" or "Defendants") for their violations of the Illinois Genetic Information Privacy Act, 410 ILCS 513/1, *et seq.* ("GIPA"), and to obtain redress for persons injured by their conduct. Plaintiff alleges the following based on personal knowledge as to Plaintiff's own experiences, and as to all other matters, upon information and belief, including an investigation conducted by Plaintiff's attorneys.

## INTRODUCTION

1.    This case concerns the misuse of individuals' genetic information in Illinois by Pacific Life, one of the nation's largest life insurance companies. To assess eligibility for life insurance coverage and compute premiums, Defendants require their customers to undergo a physical exam during which genetic information in the form of their family medical history is requested.

1

FILED DATE: 11/3/2023 11:22 PM   2023CH09247

2.    Having recognized the uniquely private and sensitive nature of genetic information – and the potential for harmful discrimination that such information may encourage among insurers – the Illinois General Assembly enacted GIPA in part to regulate an insurers' use of such genetic information. In addition to its baseline protections of individuals' genetic information, GIPA specifically provides that an insurer shall not use protected health information that is genetic information for underwriting purposes including the assessment of an individual's eligibility or the computation of premium or contribution amounts. 410 ILCS 513/20(b).

3.    GIPA defines "genetic information" as information pertaining to: (i) an individual's genetic tests; (ii) the genetic tests of family members of the individual; (iii) the manifestation of a disease or disorder in family members of such individual; or (iv) any request for, or receipt of, genetic services, or participation in clinical research which includes genetic services, by the individual or any family member of the individual.[1]

4.    Genetic information, including familial health history, is a uniquely private and sensitive form of personal information. The genetic information contained therein reveals a trove of intimate information about that person's health, family, and innate characteristics.

5.    In requiring prospective customers, such as Plaintiff, to disclose their family medical histories, Defendants have violated Plaintiff's and the other putative Class members' statutory right to genetic privacy.

6.    In enacting GIPA, the Illinois Legislature recognized that "[d]espite existing laws, regulations, and professional standards which require or promote voluntary and confidential use of genetic testing information, many members of the public are deterred from seeking genetic

---

[1] 410 ILCS 513/10, by reference to 45 C.F.R. § 160.103.

2

FILED DATE: 11/3/2023 11:22 PM   2023CH09247

testing because of fear that test results will be disclosed without consent in a manner not permitted by law or will be used in a discriminatory manner." *See* 410 ILCS 513/5(2).

7.      GIPA bestows a right to privacy in one's genetic information and a right to prevent the use of or disclosure of genetic information.

8.      Despite GIPA's prohibition against the use of family medical information concerning familial diseases and disorders, Defendants continue to request that their customers and prospective customers provide protected familial medical history to assess their eligibility for insurance coverage or compute their premiums in violation of GIPA.

9.      Plaintiff brings this action for statutory damages and other remedies as a result of Defendants' conduct in violating Plaintiff's Illinois genetic privacy rights.

10.     On Plaintiff's own behalf, and on behalf of the proposed Class defined below, Plaintiff seeks an injunction requiring Defendants to comply with GIPA, as well as an award of statutory damages under GIPA to the Class members, together with costs and reasonable attorneys' fees.

## PARTIES

11.     Defendant Pacific Life Insurance Company is a company organized under the laws of the state of Nebraska that conducts substantial business throughout Illinois, including in Cook County, and is registered with the Illinois Department of Insurance to transact business in Illinois.

12.     Defendant Pacific Life & Annuity Company is a company organized under the laws of the state of Arizona that conducts substantial business throughout Illinois, including in Cook County, and is registered with the Illinois Department of Insurance to transact business in Illinois. Defendant Pacific Life & Annuity Company shares an office address with Defendant Pacific Life Insurance Company at 700 Newport Center Drive, Newport Beach, CA 92660.

3

FILED DATE: 11/3/2023 11:22 PM 2023CH09247

13. At all relevant times, Plaintiff Dan Johnson has been a resident of the state of Illinois.

## JURISDICTION AND VENUE

14. This Court may assert personal jurisdiction over Defendants pursuant to 735 ILCS 5/2-209 in accordance with the Illinois Constitution and the Constitution of the United States because Defendants are doing business within this state, and because Plaintiff's claims arise out of Defendants' unlawful in-state actions, as Defendants have used the genetic information of their customer applicants in Illinois.

15. Venue is proper in Cook County because Defendants are doing business in Cook County and thus reside there under 735 ILCS § 5/2-102(a).

## COMMON FACTUAL ALLEGATIONS

16. The genomic revolution of recent decades has brought with it great advancements in biological sciences and medicine. Modern genomic technologies allow individuals to gather genealogical information about themselves and their relatives, to discover their genetic predisposition for diseases before any symptoms manifest, and in some cases to prevent and treat such diseases.

17. These and other benefits of genomic science have coincided with a rapid decline in the cost of genetic testing. Since the turn of the 21st century, the cost of collecting and analyzing a complete individual human genome has fallen from more than $100,000,000 in 2001 to less than $1,000 in 2022.[2] Despite the benefits to science and health care that could be gained from increased

---

[2] https://www.genome.gov/about-genomics/fact-sheets/DNA-Sequencing-Costs-Data

4

FILED DATE: 11/3/2023 11:22 PM   2023CH09247

access to genetic testing, the Centers for Disease Control expressed counterbalancing concerns related to genetic privacy as early as 1996.[3]

18.     As recognized by the CDC and the Illinois Legislature, progress in the field of genomics does not come without risk, and as the benefits and accessibility of genetic testing have grown so too has the potential for abuse and discrimination. To address these and other concerns related to misusing genetic information, Illinois and other states regulate the collection, use, and disclosure of such information.

19.     In 1998, the Illinois General Assembly enacted the Genetic Information Privacy Act, 410 ILCS 513/1 *et seq.* out of recognition that people's genetic information could be used for discriminatory purposes, one of the most harmful of which would occur in the context of insurance.

20.     Accordingly, GIPA prohibits an insurer from using protected health information that is genetic information for underwriting purposes. 410 ILCS 513/20(b).

21.     Specifically, an insurer may not use genetic information for underwriting purposes defined as:

> (1) rules for, or determination of, eligibility (including enrollment and continued eligibility) for, or determination of, benefits under the plan, coverage, or policy (including changes in deductibles or other cost-sharing mechanisms in return for activities such as completing a health risk assessment or participating in a wellness program);
>
> (2) the computation of premium or contribution amounts under the plan, coverage, or policy (including discounts, rebates, payments in kind, or other premium differential mechanisms in return for activities, such as completing a health risk assessment or participating in a wellness program);
>
> (3) the application of any pre-existing condition exclusion under the plan, coverage, or policy; and
>
> (4) other activities related to the creation, renewal, or replacement of a contract of health insurance or health benefits.

---

[3] Board on Biology National Research Council. *Privacy Issues in Biomedical and Clinical Research: Proceedings of Forum on November 1, 1997* (Washington D.C., National Academy Press, 1997) 1.

410 ILCS 513/20(b)(1)-(4).

FILED DATE: 11/3/2023 11:22 PM   2023CH09247

22.     GIPA defines an insurer, in relevant part, as "[] (i) an entity that is subject to the jurisdiction of the Director of Insurance and (ii) a managed care plan." 410 ILCS 513/10.

23.     Defendants are subject to the jurisdiction of the Director of Insurance, and thus are each an "insurer" as defined by GIPA.

24.     Defendants issue and administer various life insurance policies in Illinois. They form one of the largest life insurance companies in the nation known as Pacific Life.

25.     As part of their underwriting practices, Defendants require their prospective customers to undergo a physical examination.

26.     Defendants' physical examination includes the collection of information regarding the manifestation of diseases in family members of the prospective customer. Defendants then use this genetic information to assess their eligibility for insurance coverage or to compute their premiums.

27.     Defendants thus violated GIPA by using Plaintiff's and the Class's genetic information for underwriting purposes as defined by GIPA.

## FACTS SPECIFIC TO PLAINTIFF

28.     In or around January of 2019, Plaintiff Dan Johnson applied for life insurance coverage offered by Defendants in Lemont, Illinois.

29.     As part of their underwriting process, and as a precondition of insurance coverage, Defendants required Plaintiff to undergo a physical examination.

30.     During the examination, Defendants required Plaintiff to answer questions concerning his family medical history, *i.e.* the manifestation of diseases or disorders in his family

6

FILED DATE: 11/3/2023 11:22 PM 2023CH09247

members. Such questions included whether Plaintiff's family members had a history of high blood pressure, cancer, diabetes, heart disease, and other medical conditions.

31.     In response, Plaintiff disclosed his genetic information, including diseases and disorders with which his family members have been diagnosed. Defendants documented Plaintiff's answers and collected the same.

32.     Defendants then used this genetic information to assess Plaintiff's eligibility for life insurance coverage and, further, to compute his premium under the policy.

33.     Thus, Plaintiff's sensitive genetic information was used by Defendants for underwriting purposes, including the assessment of his eligibility for life insurance coverage and the computation of his premium or contribution amounts, in violation of GIPA.

## CLASS ACTION ALLEGATIONS

34.     Plaintiff brings this action on behalf of himself and similarly situated individuals pursuant to 735 ILCS § 5/2-801. Plaintiff seeks to represent a Class defined as follows:

> All individuals who applied for insurance coverage with Defendants in Illinois and from whom Defendants, or an agent acting on behalf of Defendants, have requested and/or obtained family medical history or other genetic information according to Defendants' records within the applicable limitations period.

35.     Excluded from the Class are any members of the judiciary assigned to preside over this matter; any officer or director of Defendants; and any immediate family member of such officers or directors.

36.     Upon information and belief, there are thousands of members of the Class, making the members of the Class so numerous that joinder of all members is impracticable. Although the exact number of members of the Class is currently unknown to Plaintiff, the members can be easily identified through Defendants' records.

7

FILED DATE: 11/3/2023 11:22 PM 2023CH09247

37. Plaintiff's claims are typical of the claims of the members of the Class Plaintiff seeks to represent, because the factual and legal bases of Defendants' liability to Plaintiff and the other members of the Class are the same, and because Defendants' conduct has resulted in similar violations to Plaintiff and to the Class. As alleged herein, Plaintiff and the Class have all been aggrieved by Defendants' GIPA violations.

38. There are many questions of law and fact common to the claims of Plaintiff and the Class, and those questions predominate over any questions that may affect individual members. Common questions for the Class include, but are not limited to, the following:

      a.   Whether Defendants' conduct is subject to GIPA;

      b.   Whether Defendants used Plaintiff's and the other Class members' genetic information for underwriting purposes in violation of 410 ILCS 513/20(b);

      c.   Whether Defendants' violations of GIPA were negligent;

      d.   Whether Defendants' violations of GIPA were reckless or intentional; and

      e.   Whether Plaintiff and the Class are entitled to damages and injunctive relief.

39. Absent a class action, most members of the Class would find the cost of litigating their claims to be prohibitively expensive and would thus have no effective remedy. The class treatment of common questions of law and fact is superior to multiple individual actions in that it conserves the resources of the courts and the litigants and promotes consistency of adjudication.

40. Plaintiff will adequately represent and protect the interests of the members of the Class. Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions. Plaintiff and Plaintiff's counsel are committed to vigorously prosecuting this action on behalf of the other members of the Class and have the financial resources to do so.

8

Neither Plaintiff nor Plaintiff's counsel have any interest adverse to those of the other members of the Class.

41.     Defendants have acted and failed to act on grounds generally applicable to Plaintiff and the other members of the Class, requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and making injunctive or corresponding declaratory relief appropriate for the Class as a whole.

**COUNT I**
**Violation of the Illinois Genetic Information Privacy Act, 410 ILCS 513/1, *et seq.***
**(On behalf of Plaintiff and the Class)**

42.     Plaintiff incorporates the foregoing allegations as if fully set forth herein.

43.     Defendants are registered with the Illinois Department of Insurance, are subject to the jurisdiction of the Director of Insurance, and therefore are each an "insurer" under GIPA. 410 ILCS 513/10.

44.     GIPA defines "genetic information" by reference to HIPAA as specified in 45 C.F.R. § 160.103 to include the manifestation of a disease or disorder in family members of an individual.

45.     Under GIPA, an insurer shall not use genetic information for underwriting purposes. 410 ILCS 513/20(b). "Underwriting purposes" as defined by GIPA includes the determination of or eligibility (including enrollment) for life insurance coverage or the computation of premium or contribution amounts. 410 ILCS 513/20(b)(1)-(2).

46.     To assess their eligibility for life insurance coverage, Defendants required Plaintiff and the Class to undergo physical exams, wherein Defendants required them to answer questions regarding their family medical history, *i.e.* the manifestation of a disease or disorder in family members.

9

FILED DATE: 11/3/2023 11:22 PM    2023CH09247

47.     Defendants then used this protected health information for underwriting purposes by, *inter alia*, using it to assess Plaintiff and the Class members' eligibility for life insurance coverage or the computation of their premiums or contribution amounts.

48.     Thus, Defendants used Plaintiff's and the Class members' genetic information in violation of the GIPA.

49.     Plaintiff and the Class also provided accompanying personal identifying information, including their full names, home addresses, date of birth, Social Security information and gender to Defendants as part of their life insurance applications and during the physical exams they underwent.

50.     The information obtained from Plaintiff and the Class by Defendants is the type of information protected by GIPA. 410 ILCS 513/10.

51.     Plaintiff and the other Class members have been aggrieved by Defendants' above violations of their statutorily protected rights to privacy in their genetic information as set forth in GIPA.

52.     GIPA provides for statutory damages of $15,000 for each reckless or intentional violation of GIPA and, alternatively, damages of $2,500 for each negligent violation of GIPA. 410 ILCS 513/40(a)(3).

53.     Defendants' violations of GIPA, a statute that has been in effect since 1998, were knowing and willful, or were at least in reckless disregard of the statutory requirements. Alternatively, Defendants negligently failed to comply with GIPA.

54.     Accordingly, Plaintiff, individually and on behalf of the proposed Class, prays for the relief set forth below.

FILED DATE: 11/3/2023 11:22 PM   2023CH09247

FILED DATE: 11/3/2023 11:22 PM 2023CH09247

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Dan Johnson, individually and on behalf of the proposed Class, respectfully requests that this Court enter an Order:

a. Certifying the Class as defined above, appointing Plaintiff as class representative, and appointing Plaintiff's counsel as class counsel;

b. Declaring that Defendants' actions, as set forth herein, violates GIPA;

c. Awarding injunctive and equitable relief as necessary to protect the interests of Plaintiff and the Class by requiring Defendants to comply with GIPA;

d. Awarding statutory damages of $15,000 for each reckless or intentional violation of GIPA pursuant to 410 ILCS 513/40(a)(3);

e. Awarding statutory damages of $2,500 for each negligent violation of GIPA pursuant to 410 ILCS 513/40(a)(3);

f. Awarding reasonable attorneys' fees, costs, and other litigation expenses pursuant to 410 ILCS 513/40(a)(3);

g. Awarding pre- and post-judgment interest, as allowable by law; and

h. Such further and other relief the Court deems reasonable and just.

## JURY DEMAND

Plaintiff requests trial by jury of all claims that can be so tried.

Dated: November 3, 2023                    Respectfully submitted,

                                           DAN JOHNSON, individually and on
                                           behalf of similarly situated individuals,

                                   By:     /s/ Andrew T. Heldut
                                           One of Plaintiff's Attorneys

Timothy P. Kingsbury
Andrew T. Heldut
Colin P. Buscarini

11

MCGUIRE LAW, P.C. (Firm ID: 56618)
55 W. Wacker Drive, 9th Fl.
Chicago, IL 60601
Tel: (312) 893-7002
tkingsbury@mcgpc.com
aheldut@mcgpc.com
cbuscarini@mcgpc.com

*Attorneys for Plaintiff and the Putative Class*

12

Hearing Date: No hearing scheduled
Location: <<CourtRoomNumber>>
Judge: Calendar, 11

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CHANCERY DIVISION**

FILED
11/6/2023 8:24 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2023CH09247
Calendar, 11
25099183

FILED DATE: 11/6/2023 8:24 PM  2023CH09247

DAN JOHNSON, individually and on
behalf of similarly situated individuals,

    *Plaintiff,*

    v.

PACIFIC LIFE INSURANCE
COMPANY and PACIFIC LIFE &
ANNUITY COMPANY,

    *Defendants.*

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

No. 23-CH-09247

Hon. Pamela M. Meyerson

## PLAINTIFF'S MOTION FOR CLASS CERTIFICATION OR, ALTERNATIVELY, FOR A DEFERRED CLASS CERTIFICATION RULING PENDING DISCOVERY

Plaintiff Dan Johnson, by and through his undersigned counsel, pursuant to 735 ILCS 5/2-801, moves for entry of an order certifying the Class proposed below, appointing Plaintiff as Class Representative, and appointing Plaintiff's attorneys as Class Counsel. Alternatively, Plaintiff requests, to the extent the Court determines further evidence is necessary to prove any element of 735 ILCS 5/2-801, that the Court defer consideration of this Motion pending a reasonable period to complete discovery. *See, e.g., Ballard RN Center, Inc. v. Kohll's Pharmacy & Homecare, Inc.,* 2015 IL 118644, at ¶¶ 42–43 (citing *Damasco v. Clearwire Corp.,* 662 F.3d 891, 896–97 (7th Cir. 2011). In support of his Motion, Plaintiff submits the following Memorandum of Law.

Dated: November 6, 2023

Respectfully Submitted,

DAN JOHNSON, individually and on behalf
of similarly situated individuals,

By:    /s/ Andrew T. Heldut
        *One of Plaintiff's Attorneys*

Timothy P. Kingsbury
Andrew T. Heldut

1

FILED DATE: 11/6/2023 8:24 PM   2023CH09247

Colin P. Buscarini
MCGUIRE LAW, P.C. (Firm ID: 56618)
55 W. Wacker Drive, 9th Fl.
Chicago, IL 60601
Tel: (312) 893-7002
tkingsbury@mcgpc.com
aheldut@mcgpc.com
cbuscarini@mcgpc.com

*Attorneys for Plaintiff and the Putative Class*

2

FILED DATE: 11/6/2023 8:24 PM    2023CH09247

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S
MOTION FOR CLASS CERTIFICATION OR, ALTERNATIVELY, FOR
A DEFFERED CLASS CERTIFICATION RULING PENDING DISCOVERY**

This Court should certify a class of individuals whose genetic information was requested and/or obtained by Defendants Pacific Life Insurance Company and Pacific Life & Annuity Company (collectively "Pacific Life" or "Defendants") in Illinois (the "Class").

Defendants form one of the nation's largest life insurance companies known as Pacific Life. As part of their underwriting process, and as a precondition of insurance coverage, Defendants require their prospective customers to undergo a physical examination, which includes questions about the manifestation of diseases in family members. These questions concerning the manifestation of a disease or disorder in family members of an individual are "genetic information" as defined by GIPA. *See* 410 ILCS 513/10. Defendants, by requesting and using Plaintiff's and the Class members' genetic information to assess their eligibility for insurance coverage and compute premiums, have violated the privacy rights set forth in GIPA. After Plaintiff learned of Defendants' wrongful conduct, he brought suit on behalf of a Class of similarly situated individuals to put a stop to Defendants' use of genetic information in violation of the Illinois Genetic Information Privacy Act, 410 ILCS 513/1, *et seq.* ("GIPA").

## I.    INTRODUCTION: GIPA

GIPA defines "genetic information" as information pertaining to: (i) an individual's genetic tests; (ii) the genetic tests of family members of the individual; (iii) the manifestation of a disease or disorder in family members of such individual; or (iv) any request for, or receipt of, genetic services, or participation in clinical research which includes genetic services, by the individual or any family member of the individual.[1] (Compl., ¶ 3.) Genetic information, including

---

[1] 410 ILCS 513/10, by reference to 45 C.F.R. § 160.103.

3

FILED DATE: 11/6/2023 8:24 PM   2023CH09247

familial health history, is a uniquely private and sensitive form of personal information. The genetic information contained therein reveals a trove of intimate information about that person's health, family, and innate characteristics. (Compl., ¶ 4.)

Having recognized the uniquely private and sensitive nature of genetic information – and the potential for harmful discrimination that such information may encourage among insurers – the Illinois General Assembly enacted GIPA in part to regulate insurers' use of such genetic information. In addition to its baseline protections of individuals' genetic information, GIPA specifically provides that an insurer shall not use protected health information that is genetic information for underwriting purposes including the assessment of an individual's eligibility or the computation of premium or contribution amounts. 410 ILCS 513/20(b). (Compl., ¶ 2.)

## II.   FACTUAL BACKGROUND

### A.   The Underlying Misconduct.

As part of the underwriting process, Defendants require their prospective customers to undergo a physical examination which seeks familial health information. (Compl., ¶¶ 25, 29.) Specifically, Defendants' physical examinations include questions about the manifestation of diseases in family members of their prospective customers. (Compl., ¶¶ 26, 30.) In response, Plaintiff and the other members of the Class disclosed their genetic information, including diseases and disorders with which their family members have been diagnosed. Defendants documented Plaintiff's and the other Class members' answers and collected the same. (Compl., ¶ 31.) Thus, Defendants used this genetic information to assess Plaintiff's and the other Class members' eligibility for life insurance coverage or the computation of their premiums or contribution amounts. (Compl., ¶¶ 26, 47, 48.) Plaintiff and the other Class members have been aggrieved by Defendants' violations of their statutorily protected rights to privacy in their genetic information

4

FILED DATE: 11/6/2023 8:24 PM    2023CH09247

as set forth in GIPA. (Compl., ¶ 51.)

### B.    The Proposed Class

Plaintiff brings this action on behalf of himself and similarly situated individuals pursuant

to 735 ILCS § 5/2-801. Plaintiff seeks to represent a Class defined as follows:

> All individuals who applied for insurance coverage with Defendants
> in Illinois and from whom Defendants, or an agent acting on behalf
> of Defendants, have requested and/or obtained family medical
> history or other genetic information according to Defendants'
> records within the applicable limitations period.

(Compl., ¶ 34.) As explained below, the proposed Class satisfies each of the four requirements

for certification under Section 2-801 of the Illinois Code of Civil Procedure—numerosity,

commonality, adequacy of representation, and fair and efficient adjudication. A class action is not

just appropriate here, it is also the only way that the members of the putative Class can obtain

appropriate redress for Defendants' unlawful conduct.

## III.    ARGUMENT

### A.    Standards for Class Certification

To obtain class certification, it is not necessary for a plaintiff to establish that he will prevail

on the merits of the action. *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 178 (1974) ("[T]he

question is not whether the plaintiff or plaintiffs have stated a cause of action or will prevail on the

merits, but rather whether the requirements of Rule 23 are met." (internal quotation marks and

citation omitted)). As such, in determining whether to certify a proposed class, the Court should

accept the allegations of the complaint as true. *Ramirez v. Midway Moving & Storage, Inc.*, 378

Ill. App. 3d 51, 53 (1st Dist. 2007).

To proceed with a class action, the movant must satisfy the "prerequisites for the

maintenance of a class action" set forth in Section 2-801 of the Illinois Code of Civil Procedure,

FILED DATE: 11/8/2023 8:24 PM    2023CH09247

which provides:

> An action may be maintained as a class action in any court of this State and a party may sue or be sued as a representative party of the class only if the court finds:
>
> (1)   The class is so numerous that joinder of all members is impracticable.
>
> (2)   There are questions of fact or law common to the class, which common questions predominate over any questions affecting only individual members.
>
> (3)   The representative parties will fairly and adequately protect the interest of the class.
>
> (4)   The class action is an appropriate method for the fair and efficient adjudication of the controversy.

735 ILCS 5/2-801. As demonstrated below, each prerequisite is established for the Class, and the Court should therefore certify the proposed Class.

Section 2-801 is modeled after Rule 23 of the Federal Rules of Civil Procedure and "federal decisions interpreting Rule 23 are persuasive authority with regard to questions of class certification in Illinois." *Avery v. State Farm Mut. Auto. Ins. Co.*, 216 Ill. 2d 100, 125 (Ill. 2005). Circuit courts have broad discretion in determining whether a proposed class meets the requirement for class certification and ought to err in favor of maintaining class certification. *Ramirez*, 378 Ill. App. 3d at 53. While a court may rule on class certification without requiring further discovery, *see* Manual for Complex Litigation (Fourth) § 21.14, at 255 (2004), courts have found that discovery is helpful prior to addressing a motion for class certification. *See, e.g., Ballard RN Center, Inc. v. Kohll's Pharmacy & Homecare, Inc.*, 2015 IL 118644, at ¶ 42 ("If the parties have yet to fully develop the facts needed for certification, then they can also ask the district court to delay its ruling to provide time for additional discovery or investigation.") (quoting *Damasco v. Clearwire Corp.*, 662 F.3d 891, 896 (7th Cir. 2011)).

All the prerequisites for class certification are satisfied here, even though Plaintiff has not yet had an opportunity to engage in and complete discovery. However, in the interests of

6

FILED DATE: 11/6/2023 8:24 PM   2023CH09247

establishing a more fully developed record before ruling on class certification issues, the Court should defer ruling on this Motion pending the completion of discovery and submission of supplemental briefing.

    **B.**     **The Numerosity Requirement is Satisfied**

The first step in certifying a class is a showing that "the class is so numerous that joinder of all members is impracticable." 735 ILCS 5/2-801(1). This requirement is met when "join[ing] such a large number of plaintiffs in a single suit would render the suit unmanageable and, in contrast, multiple separate claims would be an imposition on the litigants and the courts." *Gordon v. Boden*, 224 Ill. App. 3d 195, 200 (1st Dist. 1991) (citing *Steinberg v. Chicago Med. Sch.*, 69 Ill.2d 320, 337 (Ill. 1977)). To satisfy this requirement a plaintiff need not demonstrate the exact number of class members but, must offer a good faith estimate as to the size of the class. *Smith v. Nike Retail Servs., Inc.*, 234 F.R.D. 648, 659 (N.D. Ill. 2006).

Plaintiff alleges that there are thousands of members of the Class. (Compl., ¶ 36.) Because definitive evidence of numerosity can only come from the records of Defendants and their agents, it is proper to rely upon the allegations of the Complaint in certifying the Class. *See* 2 A. Conte & H. Newberg, Newberg on Class Actions § 7.20, at 66 (stating that where numerosity information is in the sole possession of the party opposing the class, courts generally rely on the complaint as prima facie evidence or defer ruling).

Additionally, the members of the putative Class can be easily and objectively determined from Defendants' records. Furthermore, it would be completely impracticable to join the claims of the members of the Class, because they are disbursed throughout Illinois, and because absent a class action, few members could afford to bring an individual lawsuit over the amounts at issue in this case, because each individual member's claim is relatively small. *See Gordon*, 224 Ill. App.

3d at 200. Accordingly, the first prerequisite for class certification is met.

### C. Common Questions of Law and Fact Predominate

The second requirement of Section 2-801(2) is met where there are "questions of fact or law common to the class" and those questions "predominate over any questions affecting only individual members." 735 ILCS 5/2-801(2). Such common questions of law or fact exist when the members of the proposed class have been aggrieved by the same or similar misconduct. *See Miner v. Gillette Co.*, 87 Ill.2d 7, 19 (Ill. 1981); *Steinberg*, 69 Ill.2d at 342. These common questions must also predominate over any issues affecting individual class members. *See O-Kay Shoes, Inc. v. Rosewell*, 129 Ill. App. 3d 405, 408 (1st Dist. 1984). These common questions include: whether Defendants' conduct is subject to GIPA; whether Defendants used Plaintiff's and the other Class members' genetic information for underwriting purposes in violation of 410 ILCS 513/20(b); whether Defendants' violations of GIPA were negligent; whether Defendants' violations of GIPA were reckless or intentional; and whether Plaintiff and the Class are entitled to damages and injunctive relief. (Compl., ¶ 38.) Any potential individualized issues remaining after common issues are decided would be *de minimis*. Accordingly, common issues of fact and law predominate over any individual issues, and Plaintiff has satisfied this hurdle to certification.

### D. Adequate Representation

The third prong of Section 2-801 requires that "[t]he representative parties will fairly and adequately protect the interest of the class." 735 ILCS 5/2-801(3). The class representative's interests must be generally aligned with those of the class members, and class counsel must be "qualified, experienced and generally able to conduct the proposed litigation." *See Miner*, 87 Ill.2d at 14; *see also Eshaghi v. Hanley Dawson Cadillac Co., Inc.*, 214 Ill. App. 3d 995, 1000 (1st Dist. 1991). The purpose of this adequacy of representation requirement is "to insure that all Class

FILED DATE: 11/6/2023 8:24 PM 2023CH09247

8

FILED DATE: 11/6/2023 8:24 PM   2023CH09247

members will receive proper, efficient, and appropriate protection of their interests in the presentation of the claim." *Purcell & Wardrope Chtd. v. Hertz Corp.*, 175 Ill. App. 3d 1069, 1078 (1st Dist. 1988).

In this case, Plaintiff has the exact same interest as the members of the proposed Class. Plaintiff has alleged that, like the other members of the Class, his genetic information was requested and used by Defendants. Plaintiff has also alleged that Defendants did so in violation of the GIPA. Plaintiff's pursuit of this matter against Defendants demonstrates that he will be a zealous advocate for the Class. Further, proposed class counsel has regularly engaged in major complex and class action litigation in state and federal courts and has been appointed as class counsel in several complex consumer class actions. Accordingly, the proposed class representative and proposed class counsel will adequately protect the interests of the members of the Class, thus satisfying Section 2-801(3).

## E.  Fair and Efficient Adjudication of the Controversy

The final requirement for class certification under 5/2-801 is met where "the class action is an appropriate method for the fair and efficient adjudication of the controversy." 735 ILCS 5/2-801(4). "In applying this prerequisite, a court considers whether a class action: (1) can best secure the economies of time, effort and expense, and promote uniformity; or (2) accomplish the other ends of equity and justice that class actions seek to obtain." *Gordon*, 224 Ill. App. 3d at 203. In practice, a "holding that the first three prerequisites of section 2-801 are established makes it evident that the fourth requirement is fulfilled." *Gordon*, 224 Ill. App. 3d at 204; *Purcell & Wardrope Chtd.*, 175 Ill. App. 3d at 1079 ("The predominance of common issues [may] make a class action . . . a fair and efficient method to resolve the dispute."). Because numerosity, commonality and predominance, and adequacy of representation have been satisfied in the instant

FILED DATE: 1/6/2023 8:24 PM   2023CH09247

case, it is "evident" that the appropriateness requirement is met as well.

Other considerations further support certification in this case. A "controlling factor in many cases is that the class action is the only practical means for class members to receive redress." *Gordon*, 586 N.E.2d at 467; *Eshaghi*, 574 N.E.2d at 766 ("In a large and impersonal society, class actions are often the last barricade of…protection."). A class action is superior to multiple individual actions "where the costs of litigation are high, the likely recovery is limited" and individuals are unlikely to prosecute individual claims absent the cost-sharing efficiencies of a class action. *Maxwell*, 2004 WL 719278, at *6. This is especially true in cases involving data privacy violations and data breaches, which can involve significant injury to those affected, but result in many small, individual claims. Here, absent a class action, most members of the Class would find the cost of litigating their statutorily limited claims to be prohibitive, and multiple individual actions would be judicially inefficient. *Id.*

Certification of the proposed Class is necessary to ensure that Defendants' conduct becomes compliant with GIPA, to ensure that the Class members' privacy rights in their genetic information are sufficiently protected, and to compensate those individuals who have had their statutorily-protected genetic privacy rights violated. Were this case not to proceed on a class-wide basis, it is unlikely that any significant number of Class members would be able to obtain redress, or that Defendants would willingly implement the procedures necessary to comply with the statute. Thus, proceeding as a class action here is an appropriate method to fairly and efficiently adjudicate the controversy.

## IV.   CONCLUSION

For the foregoing reasons, the requirements of 735 ILCS 5/2-801 are satisfied. Plaintiff respectfully requests that the Court enter an Order certifying the proposed Class, appointing

10

FILED DATE: 11/6/2023 8:24 PM   2023CH09247

Plaintiff as Class Representative, appointing McGuire Law, P.C. as Class Counsel, and awarding such additional relief as the Court deems reasonable. Alternatively, the Court should defer ruling on this Motion pending the completion of appropriate discovery and supplemental briefing.

Dated: November 6, 2023                    Respectfully submitted,

                                           DAN JOHNSON, individually and on
                                           behalf of similarly situated individuals,

                                    By:    /s/ Andrew T. Heldut
                                           *One of Plaintiff's Attorneys*

Timothy P. Kingsbury
Andrew T. Heldut
Colin P. Buscarini
MCGUIRE LAW, P.C. (Firm ID: 56618)
55 W. Wacker Drive, 9th Fl.
Chicago, IL 60601
Tel: (312) 893-7002
tkingsbury@mcgpc.com
aheldut@mcgpc.com
cbuscarini@mcgpc.com

*Attorneys for Plaintiff and the Putative Class*

11

FILED DATE: 11/6/2023 8:24 PM   2023CH09247

## CERTIFICATE OF FILING

I hereby certify that on November 6, 2023, I caused the foregoing *Plaintiff's Motion for Class Certification or, Alternatively, for a Deferred Class Certification Ruling Pending Discovery* to be electronically filed with the Clerk of Court using the Cook County E-filing system.

/s/ Andrew T. Heldut