**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| DAN JOHNSON, individually and on behalf of similarly situated individuals, ) ) ) ) *Plaintiff*, ) ) v. ) ) ) PACIFIC LIFE INSURANCE ) COMPANY, ) ) *Defendant*. ) ) ) | Case No. 1:24-cv-01057<br><br>Hon. Steven C. Seeger |

### CLASS ACTION COMPLAINT WITH JURY DEMAND

Plaintiff Dan Johnson ("Plaintiff"), individually and on behalf of other similarly situated individuals, brings this Class Action Complaint against Defendant Pacific Life Insurance Company ("Pacific Life" or "Defendant") for its violations of the Illinois Genetic Information Privacy Act, 410 ILCS 513/1, *et seq*. ("GIPA"), and to obtain redress for persons injured by its conduct. Plaintiff alleges the following based on personal knowledge as to Plaintiff's own experiences, and as to all other matters, upon information and belief, including an investigation conducted by Plaintiff's attorneys.

### INTRODUCTION

1. This case concerns the misuse of individuals' genetic information in Illinois by Pacific Life, one of the nation's largest life insurance companies. To assess eligibility for life insurance coverage and compute premiums, Defendant requires its customers to undergo a physical exam during which genetic information in the form of their family medical history is requested.

1

2. Having recognized the uniquely private and sensitive nature of genetic information – and the potential for harmful discrimination that such information may encourage among insurers – the Illinois General Assembly enacted GIPA in part to regulate an insurers' use of such genetic information. In addition to its baseline protections of individuals' genetic information, GIPA specifically provides that an insurer shall not use protected health information that is genetic information for underwriting purposes including the assessment of an individual's eligibility or the computation of premium or contribution amounts. 410 ILCS 513/20(b).

3. GIPA defines "genetic information" as information pertaining to: (i) an individual's genetic tests; (ii) the genetic tests of family members of the individual; (iii) the manifestation of a disease or disorder in family members of such individual; or (iv) any request for, or receipt of, genetic services, or participation in clinical research which includes genetic services, by the individual or any family member of the individual. 410 ILCS 513/10, by reference to 45 C.F.R. § 160.103.

4. Genetic information, including familial health history, is a uniquely private and sensitive form of personal information. The genetic information contained therein reveals a trove of intimate information about that person's health, family, and innate characteristics.

5. In requiring prospective customers, such as Plaintiff, to undergo a medical physical exam seeking their family medical history, Defendant has violated Plaintiff's and the other putative Class members' statutory right to genetic privacy when such protected health information was obtained and used by Defendant.

6. In enacting GIPA, the Illinois Legislature recognized that "[d]espite existing laws, regulations, and professional standards which require or promote voluntary and confidential use of genetic testing information, many members of the public are deterred from seeking genetic

testing because of fear that test results will be disclosed without consent in a manner not permitted by law or will be used in a discriminatory manner." *See* 410 ILCS 513/5(2).

7. GIPA bestows a right to privacy in one's genetic information and a right to prevent the use of or disclosure of genetic information.

8. Despite GIPA's prohibition against the use of protected health information and family medical information concerning familial diseases and disorders, Defendant continues to request protected familial medical history from its customers and prospective customers to assess their eligibility for insurance coverage or compute their premiums in violation of GIPA.

9. Plaintiff brings this action for statutory damages and other remedies as a result of Defendant's conduct in violating Plaintiff's Illinois genetic privacy rights.

10. On Plaintiff's own behalf, and on behalf of the proposed Class defined below, Plaintiff seeks an injunction requiring Defendant to comply with GIPA, as well as an award of statutory damages under GIPA to the Class members, together with costs and reasonable attorneys' fees.

**PARTIES**

11. Defendant Pacific Life Insurance Company is a company organized under the laws of the state of Nebraska that conducts business throughout Illinois.

12. At all relevant times, Plaintiff Dan Johnson has been a resident of the state of Illinois.

**JURISDICTION AND VENUE**

13. This Court may assert subject matter jurisdiction over this matter pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d) *et seq.*, because this case is a class action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs;

3

there are greater than 100 putative class members; at least one putative class member is a citizen of a state other than Defendant; and none of the exceptions under subsection 1332(d) apply.

14. This Court may assert personal jurisdiction over Defendant, because Defendant is knowingly doing business within this State, and knowingly transacts business within this State such that it has sufficient minimum contacts with Illinois and/or has purposely availed itself of Illinois markets to make it reasonable for this Court to exercise jurisdiction over it, and because Plaintiff's claims arise out of Defendant's unlawful in-state actions.

15. Venue is proper in this District because Plaintiff resides in this District and a substantial part of the events giving rise to Plaintiff's claims occurred in this District.

## COMMON FACTUAL ALLEGATIONS

16. The genomic revolution of recent decades has brought with it great advancements in biological sciences and medicine. Modern genomic technologies allow individuals to gather genealogical information about themselves and their relatives, to discover their genetic predisposition for diseases before any symptoms manifest, and in some cases to prevent and treat such diseases.

17. These and other benefits of genomic science have coincided with a rapid decline in the cost of genetic testing. Since the turn of the 21st century, the cost of collecting and analyzing a complete individual human genome has fallen from more than $100,000,000 in 2001 to less than $1,000 in 2022.[1] Despite the benefits to science and health care that could be gained from increased access to genetic testing, the Centers for Disease Control expressed counterbalancing concerns related to genetic privacy as early as 1996.[2]

---

[1] https://www.genome.gov/about-genomics/fact-sheets/DNA-Sequencing-Costs-Data
[2] Board on Biology National Research Council. *Privacy Issues in Biomedical and Clinical Research: Proceedings of Forum on November 1, 1997* (Washington D.C., National Academy Press, 1997) 1.

18. As recognized by the CDC and the Illinois Legislature, progress in the field of genomics does not come without risk, and as the benefits and accessibility of genetic testing have grown so too has the potential for abuse and discrimination. To address these and other concerns related to misusing genetic information, Illinois and other states regulate the collection, use, and disclosure of such information.

19. In 1998, the Illinois General Assembly enacted the Genetic Information Privacy Act, 410 ILCS 513/1 *et seq.* out of recognition that people's genetic information could be used for discriminatory purposes, one of the most harmful of which would occur in the context of insurance.

20. Accordingly, GIPA prohibits an insurer from using protected health information that is genetic information for underwriting purposes. 410 ILCS 513/20(b).

21. Specifically, an insurer may not use such genetic information for underwriting purposes defined as:

> (1) rules for, or determination of, eligibility (including enrollment and continued eligibility) for, or determination of, benefits under the plan, coverage, or policy (including changes in deductibles or other cost-sharing mechanisms in return for activities such as completing a health risk assessment or participating in a wellness program);
>
> (2) the computation of premium or contribution amounts under the plan, coverage, or policy (including discounts, rebates, payments in kind, or other premium differential mechanisms in return for activities, such as completing a health risk assessment or participating in a wellness program);
>
> (3) the application of any pre-existing condition exclusion under the plan, coverage, or policy; and
>
> (4) other activities related to the creation, renewal, or replacement of a contract of health insurance or health benefits.

410 ILCS 513/20(b)(1)-(4).

22. GIPA defines an insurer, in relevant part, as "[] (i) an entity that is subject to the jurisdiction of the Director of Insurance and (ii) a managed care plan." 410 ILCS 513/10.

23. Defendant is subject to the jurisdiction of the Director of Insurance, and thus is an "insurer" as defined by GIPA.

24. Defendant issues and administers various life insurance policies in Illinois. It is one of the largest life insurance companies in the nation known as Pacific Life.

25. As part of its underwriting practices, Defendant requires applicants to undergo a medical physical examination.

26. These physical examinations are performed by third-party healthcare providers under HIPAA.

27. Furthermore, these medical physical examinations also involve a questionnaire about the applicants' family medical history. As such, as part of the application process for Defendant's life insurance coverage, "protected health information that is genetic information" is created by the third-party healthcare providers used by Defendant, which is then provided to Defendant itself.

28. Defendant then uses this protected health information that is genetic information in connection with its rules for determining eligibility for insurance coverage, to assess applicants' eligibility for insurance coverage, and to compute their premiums.

29. Defendant thus violated GIPA by using Plaintiff's and the Class's genetic information for underwriting purposes as defined by GIPA.

## FACTS SPECIFIC TO PLAINTIFF

30. In or around January of 2019, Plaintiff Dan Johnson applied for life insurance coverage offered by Defendant in Lemont, Illinois.

31. As part of Defendant's underwriting process, and as a precondition of insurance coverage, Defendant required Plaintiff to undergo a medical physical examination conducted by a third-party healthcare provider.

32. The third-parties that Defendant uses for its medical services are healthcare providers who provide various medical services including, but not limited to laboratory, medical and paramedical services.

33. During the medical examination, the third-party healthcare provider's medical staff required Plaintiff to answer questions concerning his family medical history, *i.e.* the manifestation of diseases or disorders in his family members. Such questions included whether Plaintiff's family members had a history of high blood pressure, cancer, diabetes, heart disease, and other medical conditions.

34. In response, Plaintiff answered and disclosed information regarding his family members' inheritable diseases and disorders. The third-party healthcare provider documented Plaintiff's answers regarding his present and future condition and collected the same.

35. The third-party healthcare provider's medical team also collected a blood sample from Plaintiff and sent it to a laboratory for testing.

36. In sum, the third-party healthcare provider created "protected health information that is genetic information" relating to Plaintiff's genetics, and shared it with Defendant.

37. Defendant then used this protected health information that included genetic information to assess Plaintiff's eligibility for life insurance coverage in accordance to its rules for determining eligibility and, further, to compute his premium under the policy.

38. Thus, Plaintiff's sensitive genetic information was considered and used by Defendant for underwriting purposes, including the assessment of his eligibility for life insurance coverage and the computation of his premium or contribution amounts, in violation of GIPA.

39. By failing to comply with GIPA, Defendant has violated Plaintiff's substantive state rights to genetic privacy.

## CLASS ACTION ALLEGATIONS

40. Pursuant to Fed. R. Civ. P. 23(b)(2) and (b)(3), Plaintiff brings this action on behalf of himself and on behalf of a class (the "Class") defined as follows:

> All individuals who, according to Defendant's records, applied for insurance coverage with Defendant in Illinois and who provided genetic information to a healthcare provider that was used by Defendant for underwriting purposes within the applicable limitations period.

41. Excluded from the Class are any members of the judiciary assigned to preside over this matter; any officer or director of Defendant; and any immediate family member of such officers or directors.

42. Upon information and belief, there are thousands of members of the Class, making the members of the Class so numerous that joinder of all members is impracticable. Although the exact number of members of the Class is currently unknown to Plaintiff, the members can be easily identified through Defendant's records.

43. Plaintiff's claims are typical of the claims of the members of the Class Plaintiff seeks to represent, because the factual and legal bases of Defendant's liability to Plaintiff and the other members of the Class are the same, and because Defendant's conduct has resulted in similar violations to Plaintiff and to the Class. As alleged herein, Plaintiff and the Class have all been aggrieved by Defendant's GIPA violations.

44. There are many questions of law and fact common to the claims of Plaintiff and the Class, and those questions predominate over any questions that may affect individual members. Common questions for the Class include, but are not limited to, the following:

    a. Whether Defendant's conduct is subject to GIPA;

    b. Whether Defendant obtained Plaintiff's and the other Class members' genetic information from a healthcare provider;

    c. Whether Defendant used such information for underwriting purposes in violation of 410 ILCS 513/20(b);

    d. Whether Defendant's violations of GIPA were negligent;

    e. Whether Defendant's violations of GIPA were reckless or intentional; and

    f. Whether Plaintiff and the Class are entitled to damages and injunctive relief.

45. Absent a class action, most members of the Class would find the cost of litigating their claims to be prohibitively expensive and would thus have no effective remedy. The class treatment of common questions of law and fact is superior to multiple individual actions in that it conserves the resources of the courts and the litigants and promotes consistency of adjudication.

46. Plaintiff will adequately represent and protect the interests of the members of the Class. Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions. Plaintiff and Plaintiff's counsel are committed to vigorously prosecuting this action on behalf of the other members of the Class and have the financial resources to do so. Neither Plaintiff nor Plaintiff's counsel have any interest adverse to those of the other members of the Class.

47. Defendant has acted and failed to act on grounds generally applicable to Plaintiff and the other members of the Class, requiring the Court's imposition of uniform relief to ensure

compatible standards of conduct toward the members of the Class and making injunctive or corresponding declaratory relief appropriate for the Class as a whole.

## COUNT I
**Violation of the Illinois Genetic Information Privacy Act, 410 ILCS 513/1, *et seq.***
**(On behalf of Plaintiff and the Class)**

48. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

49. Defendant is registered with the Illinois Department of Insurance, is subject to the jurisdiction of the Director of Insurance, and therefore is an "insurer" under GIPA. 410 ILCS 513/10.

50. Under GIPA, an insurer shall not use protected health information that is genetic information for underwriting purposes. 410 ILCS 513/20(b). "Underwriting purposes" as defined by GIPA includes rules for or the determination of eligibility (including enrollment) for life insurance coverage and the computation of premium or contribution amounts. 410 ILCS 513/20(b)(1)-(2).

51. GIPA defines "genetic information" by reference to HIPAA as specified in 45 C.F.R. § 160.103 to include the manifestation of a disease or disorder in family members of an individual.

52. GIPA defines "protected health information" by reference to HIPAA as specified in C.F.R. § 160.103 to include health information that is created by a healthcare provider.

53. The third-parties that Defendant uses for its medical services are healthcare providers as specified in C.F.R. § 160.103.

54. Plaintiff and the Class underwent medical physical exams performed by healthcare providers, during which questions regarding their family medical history, *i.e.* the manifestation of a disease or disorder in family members were asked.

10

55. As such, the third-party healthcare providers collected Plaintiff's and the other Class members' protected health information that is genetic information.

56. Defendant then obtained and used this information for underwriting purposes by, *inter alia*, using it to assess Plaintiff's and the Class members' eligibility for life insurance coverage and compute their premiums.

57. Thus, Defendant used Plaintiff's and the Class members' genetic information in violation of the GIPA.

58. Plaintiff and the Class also provided accompanying personal identifying information, including their full names, home addresses, date of birth, Social Security information and gender to the third-party healthcare providers as part of their life insurance applications and during the medical physical exams they underwent.

59. The information obtained from Plaintiff and the Class by Defendant is the type of information protected by GIPA. 410 ILCS 513/10.

60. Plaintiff and the other Class members have been aggrieved by Defendant's above violations of their statutorily protected rights to privacy in their genetic information as set forth in GIPA.

61. GIPA provides for statutory damages of $15,000 for each reckless or intentional violation of GIPA and, alternatively, damages of $2,500 for each negligent violation of GIPA. 410 ILCS 513/40(a)(1)-(2).

62. Defendant's violations of GIPA, a statute that has been in effect since 1998, were knowing and willful, or were at least in reckless disregard of the statutory requirements. Alternatively, Defendant negligently failed to comply with GIPA.

63. Accordingly, Plaintiff, individually and on behalf of the proposed Class, prays for the relief set forth below.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Dan Johnson, individually and on behalf of the proposed Class, respectfully requests that this Court enter an Order:

a. Certifying the Class as defined above, appointing Plaintiff as class representative, and appointing Plaintiff's counsel as class counsel;

b. Declaring that Defendant's actions, as set forth herein, violates GIPA;

c. Awarding injunctive and equitable relief as necessary to protect the interests of Plaintiff and the Class by requiring Defendant to comply with GIPA;

d. Awarding statutory damages of $15,000 for each reckless or intentional violation of GIPA pursuant to 410 ILCS 513/40(a)(2);

e. Awarding statutory damages of $2,500 for each negligent violation of GIPA pursuant to 410 ILCS 513/40(a)(1);

f. Awarding reasonable attorneys' fees, costs, and other litigation expenses pursuant to 410 ILCS 513/40(a)(3);

g. Awarding pre- and post-judgment interest, as allowable by law; and

h. Such further and other relief the Court deems reasonable and just.

## **JURY DEMAND**

Plaintiff requests trial by jury of all claims that can be so tried.

Dated: March 28, 2024               Respectfully submitted,

                                    DAN JOHNSON, individually and on
                                    behalf of similarly situated individuals,

                              By:   /s/ Andrew T. Heldut

*One of Plaintiff's Attorneys*

Eugene Y. Turin
Timothy P. Kingsbury
Andrew T. Heldut
MCGUIRE LAW, P.C.
55 W. Wacker Drive, 9th Fl.
Chicago, IL 60601
Tel: (312) 893-7002
eturin@mcgpc.com
tkingsbury@mcgpc.com
aheldut@mcgpc.com

*Attorneys for Plaintiff and the Putative Class*